**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 26-mj-8488-RMM

UNITED STATES OF AMERICA

v.

RODOLFO BERMUDEZ-BORJA
OSCAR HERNANDEZ-TOLEDO

                    Defendant.
                                        /

FILED BY_____MEE_____D.C.

Jun 24, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ✔ No

2.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ✔ No

3.  Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ✔ No

4.  Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ✔ No

5.  Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? ☐ Yes ✔ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: _____
Suzanne Huyler
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:     (561) 820-8711
Fax:     (561) 820-8777
Email:  Suzanne.Huyler@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.   26-mj-8488-RMM |
| Rodolfo Bermudez-Borja | ) | |
| Oscar Hernandez-Toldeo | ) | |
| | ) | |
| *Defendant(s)* | ) | |

FILED BY___MEE___D.C.

**Jun 24, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____6/24/2026_____ in the county of _____Palm Beach_____ in the
_____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute more than 500 grams of methamphetamine |
| 21 U.S.C. § 843(b) | Use of a Communications Facility to Commit Controlled Substance Violation |
| 21 U.S.C. §§ 841(a)(1) and 846 | Conspiracy to Possess with Intent to Distribute more than 500 grams of methamphetamine |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Jesse Ricks, DEA SA
*Printed name and title*

Sworn to and attested to me by applicant by
telephone (Facetime) per the requirements of
Fed. R. Crim. P.4 (d) and 4.1.

Date:   _____06/24/2026_____

_____
*Judge's signature*

City and state:   _____West Palm Beach, FL_____   Ryon M. McCabe, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Jesse Ricks, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.      I am a Special Agent with the Drug Enforcement Administration (DEA) assigned to the West Palm Beach District Office within the DEA's Miami Field Division. As such, I am a "law enforcement Officer" of the United States within the meaning of Title 18, United States Code § 2510(7) and am empowered to conduct criminal investigations and to make arrest for offenses enumerated in Title 18, United States Code § 2516(1).

2.      I have been a Special Agent with the Drug Enforcement Administration (DEA) since February 2012.  I received basic training in narcotics investigations at the Justice Training Center located in Quantico, Virginia.  I am currently assigned to the Miami Field Division, West Palm Beach District Office, in West Palm Beach, Florida.  I have received specialized training in the means and methods used by narcotics traffickers to import and distribute narcotics, drug smuggling methods, and the concealment and laundering of proceeds from illicit drug trafficking activities.  I have personally conducted and participated in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions and launder drug proceeds.  During the course of these investigations, I have participated in search warrant executions, debriefed or participated in debriefings of defendants, informants, and witnesses who had personal knowledge regarding major narcotics trafficking organizations.  The aforementioned investigations resulted in the arrest and prosecution of numerous individuals for narcotics violations.  Based upon my training and experience, I am familiar with the manner in which narcotics-trafficking organizations operate, including the manner in which various types of illegal drugs are cultivated, manufactured, smuggled, distributed, or

diverted, as well as methods used to finance drug transactions and launder drug proceeds. Additionally, I have received training in the use of wiretaps, telephone toll analysis, and wire intercept equipment, and have previously authored affidavits pertaining to the interception of wire and electronic communications.  I have also participated in both the monitoring of wire and electronic interceptions and surveillance operations conducted in conjunction to the interception of wire and electronic interceptions and assisted by the use of electronic GPS monitoring and/or tracking devices.

3.　　　　This affidavit is made in support of a criminal complaint charging Rodolfo BERMUDEZ-Borja (hereinafter "BERMUDEZ-Borja") and Oscar HERNANDEZ-Toledo (hereinafter "HERNANDEZ-Toledo") with Possession With Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), Use of a Communications Facility to Commit Controlled Substance Violation, in violation of Title 21, United States Code, Section 843 (b), and Conspiracy to Possess With Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 846.

4.　　　　I submit this Affidavit based on information known to me personally, as well as information obtained from other law enforcement officers who have investigated this matter. Because this Affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint relating to the above-mentioned crimes, it does not include all facts known to me or to other law enforcement officers regarding this investigation.

2

**FACTS IN SUPPORT OF PROBABLE CAUSE**

5.      On or around June 22, 2026, a DEA Task Force Office, acting in an undercover capacity as a drug distributor based in south Florida (hereinafter referred to as the "undercover" or "UC"), contacted a drug broker (hereinafter referred to as "BROKER") and inquired about the availability of crystal methamphetamine in south Florida.

6.      Investigators previously obtained information that BERMUDEZ-Borja was involved in trafficking controlled substances.  As such, investigators previously conducted surveillance of BERMUDEZ-Borja. During those surveillances, investigators identified 4611 Merle Place, Lake Worth, Florida 33463 as the likely residence of Rodolfo BERMUDEZ-Borja.  On or around June 23, 2026, a DEA Confidential Source told investigators that Rodolfo BERMUDEZ-Borja was looking for customers to purchase crystal methamphetamine.

7.      On June 23, 2026, BROKER told the UC that crystal methamphetamine was available in south Florida for a price of $4,500 United States currency per kilogram.  The UC requested to purchase two kilograms of crystal methamphetamine on the following day (June 24). Later that same day, UC and BROKER agreed the deal would take place at 11:00 am at the Walmart parking lot located at 6294 Forest Hill Blvd, Greenacres, Florida.

8.      On June 24, 2026, at approximately 9:45 am, law enforcement established surveillance at 4611 Merle Place, Lake Worth, Florida 33463.  Beginning around 10:00 am, BERMUDEZ-Borja and another Hispanic male subsequently identified as Oscar HERNANDEZ-Toledo, began hanging out on the carport of the residence.  At approximately 10:31 am, UC messaged BROKER that UC was leaving the house.  At approximately 10:33 am, BERMUDEZ-Borja while standing under the carport, pulled his mobile phone from his pocket and held it a

3

manner indicating he placed a call.  Shortly after he put the phone down and then held it as if he may be on speakerphone.  At approximately 10:41 am, BERMUDEZ-Borja exited the 4611 Merle Place with a maroon colored bag with strings.  At this time, HERNANDEZ-Toledo stood up and went inside 4611 Merle Place.  BERMUDEZ-Borja worked his phone in a manner consistent with texting and followed HERNANDEZ-Toledo into 4611 Merle Place while holding the maroon bag. It should be noted the maroon bag was flat and appeared empty at this time.  Shortly after, HERNANDEZ-Toledo exited the residence with the maroon bag, now bulging and appearing full, on his back.  HERNANDEZ-Toledo sat down and looked down as if operating a mobile phone.

9.      At approximately 10:48 am, BERMUDEZ-Borja exited the 4611 Merle Place and began pointing or motioning down the street.  HERNANDEZ-Toledo stood and walked in that direction and entered the rear passenger side of a Hyundai SUV with the full maroon backpack. Law enforcement began surveillance of the Hyundai shortly after it departed.

10.     At approximately 10:55 am, UC told BROKER what vehicle the UC drove to the deal.  Right after, BROKER indicated to UC that the courier was on his way.

11.     The Hyundai traveled to the agreed upon meeting location, the Walmart located at 6294 Forest Hill Blvd, Greenacres, Florida.  Once in the parking lot, HERNANDEZ-Toledo exited the vehicle and began roaming around the parking lot while holding his mobile phone.  After roaming around for a short time, HERNANDEZ-Toledo began walking towards the UC vehicle. HERNANDEZ-Toledo entered the front passenger seat of the vehicle in which the UC arrived. Once inside, HERNANDEZ-Toledo removed a black plastic bag from the maroon bag with strings and asked where to put it.  The UC responded that he was going to inspect it and HERNANDEZ-Toledo provided the black bag to the UC.  The UC placed the black bag on the center console of the

4

vehicle and opened the bag wide to inspect the contents in front of HERNANDEZ-Toledo. Inside the black bag was another plastic bag which contained two clear Tupperware containers with translucent lids which were full of shards of what the UC recognized to be crystal methamphetamine. HERNANDEZ-Toledo could clearly see the Tupperware containers and the shards of crystal methamphetamine, due to the containers being clear. The UC provided HERNANDEZ-Toledo with $9,000 USC of DEA Official Advanced Funds. The UC asked HERNANDEZ-Toledo if they had any more, in reference to the crystal methamphetamine and HERNANDEZ-Toledo confirmed there was more available. The UC asked if he should order the drugs through the BROKER or call HERNANDEZ-Toledo directly. HERNANDEZ-Toledo said either way and offered the UC his telephone number, which the UC took. HERNANDEZ-Toledo counted the money and then exited the UC vehicle.

12.     Once outside of the vehicle, HERNANDEZ-Toledo began walking around the shopping plaza which contained the Walmart. At approximately 11:12 am, BERMUDEZ-Borja exited 4611 Merle Place, entered a Corolla, and departed. At approximately 11:22 am, the Corolla in which BERMUDEZ-Borja had departed 4611 Merle Place arrived in the Walmart shopping center. HERNANEZ-Toledo entered the Corolla and then it departed. Investigators followed the Corolla to 4611 Merle Place. Once the vehicle parked, HERNANDEZ-Toledo and BERMUDEZ-Borja exited the vehicle and entered 4611 Merle Place.

13.     Based on the above listed facts, DEA case agents believed they had probable cause to seek a search warrant for the residence at 4611 Merle Place. As such, investigators maintained surveillance at 4611 Merle Place in an effort to prevent the loss of evidence (such as drugs being sold to other customers). At approximately 12:06 pm, BERMUDEZ-Borja and HERNANDEZ-

Toledo exited 4611 Merle Place, entered the Corolla, and departed.  At this time, the DEA supervisor requested the Corolla be stopped and for BERMUDEZ-Borja and HERNANDEZ-Toledo to be detained based on probable cause that they had violated 21 U.S.C. §§ 841(a)(1), 846, and 843(b) as detailed above.  When Florida Highway Patrol Troopers positioned for a stop, they also observed the vehicle had dark tinted windows, likely in violation of Florida law, and as such had independent probable cause to stop the vehicle.  Once the vehicle was stopped, the Troopers detained both HERNANDEZ-Toledo and BERMUDEZ-Borja and searched their persons for officer safety.  During the search of HERNANDEZ-Toledo, Troopers found him in possession of two mobile phones, a wallet (which contained identification and upon later inspection by DEA agents also contained money transfer receipts and a small amount of United States and foreign currency), and $6,000 USC.  During the search of BERMUDEZ-Borja, Troopers found him in possession of one mobile phone, a driver's license, and $3,000 USC.  It should be noted the USC was not counted by the Troopers and was turned over the DEA.

14.     A DEA agent has since compared the serial numbers on the bills of the $6,000 USC found on the person of HERNANDEZ-Toledo and the serial numbers on the bills of the $3,000 found on the person of BERMUDEZ-Borja to the serial numbers of the DEA Official Advanced Funds used to purchase the approximately two kilograms of crystal methamphetamine and found all of the bills to be a match.  In that, HERNANDEZ-Toledo and BERMUDEZ-Borja were found to be in possession of the entire $9,000 of DEA Official Advanced Funds used to purchase the illegal drugs.

6

15.     Following the controlled purchase, law enforcement field tested the purchased substance for the presence of methamphetamine with positive results.

16.     In addition to the above provided information, agents have conducted surveillance of the 4611 Merle Place on several occasions in the past months. Agents have observed BERMUDEZ-Borja at the residence on numerous occasions.  On some of those occasions, agents have observed rental vehicles at 4611 Merle Place.  I know from my training and experience that drug traffickers often use rental vehicles to facilitate their illegal drug dealing in order to avoid detection from law enforcement and to avoid seizure of their assets.

[SPACE INTENTIONALLY LEFT BLANK]

## CONCLUSION

17.     Based on the foregoing, I respectfully submit that there is probable cause to believe that Rodolfo BERMUDEZ-Borja and Oscar HERNANDEZ-Toledo have committed Possession With Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), Use of a Communications Facility to Commit Controlled Substance Violation, in violation of Title 21, United States Code, Section 843 (b), and Conspiracy to Possess With Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 846.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Jesse Ricks, Special Agent
DEA

Sworn and attested to me telephonically (via facetime)
by the applicant in accordance with the requirements
of Fed. R. Crim. P. 4.1 on this 24 day of June 2026.

_____
HON. RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: Rodolfo Bermudez-Borja

**Case No**:     26-mj-8488-RMM

Count #: 1

Possession with Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine

21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** a minimum of 5 years up to life
* **Max. Fine:**  $10,000,000
* **Special Assessment:** $100

Count #: 2

Use of a Communications Facility to Commit Controlled Substance Violation

21 U.S.C. § 843(b)
* **Max. Term of Imprisonment:** 4 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000
* **Special Assessment:** $100

Count #: 3

Conspiracy to Possess with Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine

21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(viii)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** a minimum of 5 years up to life
* **Max. Fine:**  $10,000,000
* **Special Assessment:** $100

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: Oscar Hernandez-Toledo

**Case No**:   26-mj-8488-RMM

Count #: 1

Possession with Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine

21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** a minimum of 5 years up to life
* **Max. Fine:**  $10,000,000
* **Special Assessment:** $100

Count #: 2

Use of a Communications Facility to Commit Controlled Substance Violation

21 U.S.C. § 843(b)
* **Max. Term of Imprisonment:** 4 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:**  $250,000
* **Special Assessment:** $100

Count #: 3

Conspiracy to Possess with Intent to Distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine

21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(viii)
* **Max. Term of Imprisonment:** Life
* **Mandatory Min. Term of Imprisonment (if applicable):** 10 years
* **Max. Supervised Release:** a minimum of 5 years up to life
* **Max. Fine:**  $10,000,000
* **Special Assessment:** $100

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**